UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:09-CR-00094-MCE |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| FRANCISCO JAVIER VELASCO, | |
| Defendant. | |

Defendant Francisco Javier Velasco ("Defendant") was convicted of Possession With Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced on October 1, 2015, to 97 months of imprisonment. Presently before the Court are Defendant's Motions to Reduce Sentence. ECF No. 206, 211. This matter was referred to the Office of the Federal Defender, which subsequently filed notices indicating that it would not be supplementing Defendant's motions. ECF Nos. 210, 214. The Government opposes Defendant's requests. ECF No. 218. For the reasons that follow, that Motion is DENIED.

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782. Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1. Although Amendment 782 became effective November 1, 2014, it applies retroactively. See

U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[1] Id. In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant is not eligible for a reduction in his sentence because Amendment 782 "[did] not have the effect of lowering [his] applicable guideline range." Id. Defendant's original base offense level was 30 based on the amount of drugs for which he was responsible (13.06 kilograms of cocaine). Additional adjustments resulted in a total offense level of 28. Coupled with a criminal history category of II, Defendant's guideline range was 97-121 months. None of this changed under the amended guidelines because the above drug quantity still corresponds to base offense level of 30 and the remainder of the adjustments continue to apply as well. Accordingly, Defendant's

---

[1] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

"amended" guideline range remains 97-121 months.  Because the amendment did not lower Defendant's offense level or sentencing range, his Motions (ECF Nos. 206, 211) are DENIED.  See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

IT IS SO ORDERED.

Dated:  April 27, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT